UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SERVICES, INC.,

    Plaintiff,

                              Case Number 08-13315
v.                              Honorable David M. Lawson

JOYCE WAGNER,

    Defendant.
_____/

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

The plaintiff commenced this action on July 31, 2008 at 4:03 p.m. and immediately thereafter presented to the Court a motion for a temporary restraining order and preliminary injunction. The case arises out of a previous matter that was resolved by way of settlement. *Kelly Services v. Wagner*, 08-11114. That action was premised on a claim that the defendant, a former employee of the plaintiff, a corporation engaged in consulting and providing temporary workers to other businesses, breached certain conditions of her employment contract by joining a competing firm and using and disclosing material, non-public information. The parties reached an agreement to settle the case, and the Court dismissed the matter with prejudice on April 28, 2008. The plaintiff now contends the defendant breached that agreement.

In the complaint, the plaintiff states that the defendant became its employee in September 1, 2006, and worked for the plaintiff until she quit on February 28, 2008. At the time of her resignation, the defendant held the position of "Senior Staffing Supervisor" at the plaintiff's branch office in Harrisburg, Pennsylvania. She engaged in a number of business activities, including marketing and recruiting, and had access to customer lists, operational procedures, marketing

strategies, and contractual details for various customers. When the defendant began her position with the plaintiff, she signed non-competition and non-disclosure agreements designed to protect the plaintiff from unfair competition. The terms of the former condition were to last for one year following resignation, while those of the latter were indefinite. According to the plaintiff, the defendant breached these covenants by joining a competing firm, R.E.M. Staffing Inc., immediately after she resigned and using proprietary information to make inroads into the plaintiff's business base.

But those allegations do not give rise to the present action. The parties settled the earlier case after they executed an agreement on April 14, 2008 enjoining the defendant from working for a competitor (including R.E.M.) within a three-county area for approximately ten months; soliciting or performing services for the plaintiff's customers within the same time period; or ever using or disclosing confidential information. The agreement authorizes damages, including liquidated damages, for breach. According to the plaintiff, however, the defendant breached the agreement only one day after she signed it. The defendant disputed this claim and, to resolve the issue, the parties amended the settlement agreement by extending the non-competition period. On July 11, 2008, however, R.E.M.'s president sent an e-mail that allegedly evidences further breach. R.E.M.'s president solicited one of the plaintiff's customers in the e-mail, and he quoted information pertaining to the contract the customer had with the plaintiff. He also stated that he had met with the defendant to discuss the situation. Based on these allegations, the plaintiff filed the present suit for breach of contract, misappropriation of trade secrets, and tortious interference.

The plaintiff requests a temporary restraining order mirroring the injunctive terms of the settlement agreement. The plaintiff offers no reason, however, why this relief is justified on an *ex*

*parte* basis. Although the plaintiff states that it notified the defendant of the perceived breach, it does not state what efforts it made to notify the defendant of this lawsuit or the request for injunctive relief. Nor is there any evidence to suggest that irreparable harm would occur were the defendant given an opportunity to contest this motion.

> Federal Rule of Civil Procedure 65(b) states in part:
>
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

"Reasonable notice" consists of information received within a reasonable time to permit an opportunity to be heard. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard"). A temporary restraining order enjoining a former employee from pursuing her livelihood is indeed a drastic remedy. *See Hudson v. Barr*, 3 F.3d 970, 975 (6th Cir. 1993).

The plaintiff in this case has not addressed all the requirements set forth in Rule 65(b). A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). Neither the motion nor the verified

complaint contains facts or reasons "why [notice] should not be required." Fed. R. Civ. P. 65(b). Nor are there sufficient *factual* allegations establishing that irreparable harm may result "before the adverse party can be heard in opposition." *Ibid.* On the present record, the Court finds that the drastic remedy of granting a temporary restraining order without reasonable notice is not justified.

The Court is mindful that the dispute in this case arises in a business context and, if the plaintiff's allegations are true, the defendant's alleged conduct *could* result in damage to the plaintiff that might be difficult to compute. However, the plaintiff's eligibility for equitable relief is cast in doubt by the liquidated damages provision in the very settlement agreement it seeks to enforce, since it appears that the parties have provided their own remedy at law which they deem to be adequate. Nonetheless, the plaintiff should be allowed an opportunity to demonstrate entitlement to equitable relief pending the ultimate determination of the merits of this case. However, the present record does not justify granting such relief without reasonable notice to the defendant.

Accordingly, it is **ORDERED** that the plaintiff's Motion for a Temporary Restraining Order, made without reasonable notice to the defendant, is **DENIED.**

It is further **ORDERED** that the plaintiff's Motion for Preliminary Injunction is scheduled for a hearing on **Wednesday, September 3, 2008** at **12:00 p.m.** The parties, through counsel, are directed to meet and confer on or before **August 20, 2008**, for the purpose of discussing and narrowing the issues to be presented to the Court at the motion hearing. On or before the close of business on **August 27, 2008**, each party shall submit to the Court and exchange a list of proposed witnesses and exhibits intended to be presented at the hearing together with a summary of each witness's testimony.

It is further **ORDERED** that the plaintiff's attorney shall cause a copy of this order together

with the other suit papers to be served personally upon the defendants **on or before August 8, 2008**.

                                                            s/David M. Lawson
                                                            DAVID M. LAWSON
                                                            United States District Judge

Dated: August 1, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 1, 2008.

                                      s/Felicia M. Moses
                                      FELICIA M. MOSES